Nelcenia **HARALSON**, Plaintiff,

v.

Donald H. **RUMSFELD**, Secretary of Defense, Defendant.

No. Civ.A. 3:02–CV–2594K.

United States District Court,
N.D. Texas,
Dallas Division.

March 28, 2005.

Russell Wilson, II, Law Office of Russell Wilson II, Dallas, TX, for Plaintiff.

T.J. Johnson, Us Attorney's Office Department of Justice, Dallas, TX, for Defendant.

## *MEMORANDUM OPINION and ORDER*

KINKEADE, District Judge.

Before the Court is Defendant Donald H. Rumsfeld's, the Secretary of Defense, motion for summary judgment. Having considered the merits of the motion, and because a reasonable jury could not find that "but for" Haralson's protected activities, the Defendant would not have terminated her, the motion is **GRANTED**.

## I. Background

This is a suit by Plaintiff Nelcenia Haralson ("Haralson") alleging that in December of 1993, the Department of Defense's Army Air Force Exchange Service ("AAFES") terminated her in retaliation for her protected EEO activity in violation of Title VII.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25, 106 S.Ct. 2548. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321–25, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

## III. Plaintiff's Retaliation Claim

Haralson seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Title VII makes it unlawful for an employer to retaliate against an employee because that employee has complained about acts of discrimination at work. *See* 42 U.S.C. § 2000e–3(a).

### A. Evidentiary Framework

Under the familiar *McDonnell Douglas* burden shifting framework, a plaintiff must first establish a prima facie case of retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory action. If the defendant meets its production burden, the

plaintiff must adduce evidence that would permit a reasonable trier of fact to find that each articulated reason is a pretext for unlawful retaliation. *See Evans v. City of Houston*, 246 F.3d 344 (5th Cir.2001).

### B. Plaintiff's Retaliation Claim

 To establish a prima facie case of retaliation, Haralson must show that (1) she engaged in activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse action. *See Gee v. Principi*, 289 F.3d 342, 345 (5th Cir.2002). The parties dispute whether Plaintiff has established a prima facie case. For the purposes of this summary judgment motion, the Court assumes without deciding that Haralson has demonstrated a prima facie case of retaliation.

The Court next considers whether the Defendant has produced evidence of a legitimate, nondiscriminatory reason for terminating Haralson. This is a burden of production, not proof, and involves no credibility assessments. *See West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384–85 (5th Cir.2003). The Defendant has introduced evidence that Haralson failed to report to her duty assignment on August 2, 1993, was absent without leave for seven days and two work hours from August 2 through August 11, 1993, and failed to undergo a fitness-for-duty medical examination as directed. The Defendant has, therefore, met its burden of production.

Now that the Defendant has produced legitimate, nondiscriminatory reasons for terminating Haralson, the presumption of retaliation disappears, and Haralson must prove that the legitimate reasons offered are not the true reasons but are a pretext for retaliation. *Gee*, 289 F.3d at 345. Ultimately, she must prove that "but for" the protected activity, the Defendant's adverse employment action would not have oc-

curred. *See Seaman v. CSPH, Inc.*, 179 F.3d 297, 301. The showing that Haralson must make to establish "but for" causation is more onerous than the one initially required to establish a prima facie case. *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112 n. 8 (5th Cir.1998).

The Defendant contends that Haralson has not met her burden to establish, or raise, a genuine issue of material fact that the Defendant's articulated reasons are merely a pretext for retaliation. The Court agrees. Haralson has offered no competent summary judgment evidence to raise a genuine issue of fact regarding whether two of the Defendant's legitimate, nondiscriminatory reasons for terminating her are pretextual.

Haralson admits and the uncontroverted evidence shows that Haralson did not report to her new duty assignment on Monday, August 2, 1993 through August 11, 1993; Haralson did not receive advance approval for these absences; Charles Rodman, Haralson's supervisor, informed Haralson by letter dated August 3, 1993 that her request for administrative leave was not approved and she was expected to report immediately; and that Haralson failed to undergo a fitness-for-duty examination which she was ordered to complete. The only evidence Haralson presents rebutting the Defendant's reasons is her recollection that Charles Rodman verbally approved her leave on or about August 11, 1993, and the fact that she worked until October 29, 1993 corroborates her statement that her leave was approved. Haralson has submitted sufficient evidence to create a fact issue as to whether her leave was orally approved. Summary judgment is appropriate, however, because Haralson has submitted no evidence rebutting two of the Defendant's reason for terminating her. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir.2001) ("The

Plaintiff must put forth evidence rebutting each of the nondiscriminatory reasons the employer articulates."). It is uncontested that Haralson failed to report to her duty assignment on August 2nd, 1993 and she did not obtain advance leave. It is also uncontested that Haralson refused to undergo a fitness-for-duty examination.

Haralson did not argue that she is entitled to proceed under the mixed-motive alternative set forth in *Rachid v. Jack in the Box*, 376 F.3d 305, 309 (5th Cir.2004), and the Fifth Circuit has not considered the issue of *Desert Palace's* applicability to retaliation claims. *Desert Palace Inc., v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84, (2003); *see also Warren v. Terex Corp.*, 328 F.Supp.2d 641, 643–44 (N.D.Miss.2004) (finding that the Fifth Circuit's holding in *Rachid* supports a conclusion that the Fifth Circuit will apply *Desert Palace* to retaliation claims). Assuming, however, that the modified *McDonnell Douglas* approach developed in *Rachid* does apply to retaliation claims, the Defendant is still entitled to summary judgment because Haralson did not put forth sufficient evidence that her filing of a claim for discrimination played even a part in her termination.

## IV. Conclusion

Haralson has not sustained her burden to show that two of the Defendant's proffered nondiscriminatory reasons are a pretext for discrimination and "but for" retaliation, Haralson would have been terminated, therefore summary judgment is proper. The Defendant's motion is **GRANTED**, and judgment will enter that Haralson take nothing in this suit against Defendant.

**SO ORDERED.**